UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY NEAL,

    Plaintiff,

v.   Case No.:

TOWN OF REDINGTON SHORES,
FLORIDA,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JEFFREY NEAL ("Plaintiff"), sues Defendant, TOWN OF REDINGTON SHORES, FLORIDA, and alleges as follows:

1. Plaintiff brings this action pursuant to 42. U.S.C. § 1983 for violation of his rights under the First Amendment to the United States Constitution and for declaratory relief pursuant to 28. U.S.C. §§ 2201 and 2202.

2. Plaintiff is an individual residing in Redington Shores, Florida and was at the time of the events described herein a member of the Board of Commissioners of the Town of Redington Shores. Plaintiff remains deeply involved in Town politics and intends to run for elected office again.

1

3.	Defendant, TOWN OF REDINGTON SHORES, FLORIDA ("Town") is a Municipality organized under the laws of Florida and located in Pinellas County Florida.

4.	This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and Declaratory relief is authorized by 28 U.S.C. §§ 2201-2202.

5.	Venue is proper in this District pursuant to 28 U.S.C. 1391 because the Town of Redington Shores, Florida is a municipality located within the District.

6.	Plaintiff is a licensed contractor, and at all relevant times, offered contracting services to businesses and residents in Pinellas County and the surrounding areas to include the Town of Redington Shores.

7.	In early 2020, Plaintiff, then a member of the Town's Board of Commissioners, made other board members aware that he intended to run against the then mayor in the upcoming mayoral election to be held in March of 2021.

8.	In May of 2020, the Town Commission took the unusual step of filing an ethics complaint against Plaintiff based upon a complaint letter it had received months earlier from an individual who previously sought contracting services from Plaintiff, but ultimately never hired him.

9.	The Florida Commission on Ethics Report of Investigation was released on October 27, 2020, and in December of 2020, the Advocate recommended a finding that there was no probable cause to believe Plaintiff

committed any violation. The matter was ultimately resolved in Plaintiff's favor on February 5, 2021.

10. In late 2020, Plaintiff filed his paperwork to run against the incumbent mayor in the upcoming March 2021 mayoral election, and a bitter campaign followed.

11. On January 19, 2021, during the height of the mayoral race, the Town Commission brought up for discussion the status of the previously filed ethics complaint against Plaintiff. Plaintiff voiced his objection to the topic, stating the item was placed on the agenda for political reasons to discredit him in the upcoming election. Plaintiff stated that he had the results of the ethics investigation, and that matter would soon be resolved in his favor because no violation was found. Plaintiff further stated that mayor had fueled the complaint to discredit him, and questioned why the Town Commission did not bring up an ethics complaint that had been previously filed against the mayor.

12. On February 1, 2021, the Town Commission voted to suspend Plaintiff without pay for the remainder of his term for comments he made during the January 19, 2021 meeting for (i) violating Section 12-22 of the Town Code which prohibits electioneering on Town properties, (ii) making misleading and untrue statements regarding an ethics complaint against the mayor, and (iii) making misleading an untrue statements about his own ethics complaint.

13. All conditions precedent to bringing this action have occurred or have otherwise been satisfied.

## COUNT I VIOLATION OF FIRST AMENDMENT
(Suspension for engaging in protected speech)

14. Plaintiff re-alleges paragraphs 1 through 13 as set forth above

15. This is an action for municipal liability against the Town of Redington Shores, Florida, for violating 42 U.S.C. § 1983 by suspending Plaintiff from his position as commissioner for the exercise and assertion of his rights under the First Amendment to the United States Constitution.

16. Plaintiff engaged in constitutionally protected speech when he spoke out to defend himself against accusations regarding the ethics complaint during the January 19, 2021, public meeting.

17. On February 1, 2021, the Town adopted an official policy to punish Plaintiff for engaging in protected speech when it voted to suspend Plaintiff without pay for the remainder of his term.

18. As a direct and proximate result of the Town's actions, Plaintiff has been damaged.

WHEREFORE Plaintiff JEFFREY NEAL demands judgment against Defendant, TOWN OF REDINGTON SHORES, FLORIDA, for declaratory relief and damages, an award of attorneys' fees and costs pursuant to 43 U.S.C. 1988, and all other relief that is just and proper.

## COUNT II VIOLATION OF FIRST AMENDMENT
(Facial and As-applied Challenge - Section 12-22 of the Town Code)

19.   Plaintiff re-alleges paragraphs 1 through 13 as set forth above.

20.   Plaintiff brings this action against the Town of Redington Shores, Florida, pursuant to 42 U.S.C. § 1983, on the basis that Section 12-22 of the Town Code, which prohibits electioneering, violates the First Amendment both facially and as applied.

21.   Section 12-22 of the Town Code provides as follows:

12-22. - Electioneering restricted.

No elected official or employee of the town shall use the Town Hall or other publicly owned facilities of any kind for the purpose of electioneering or for the purpose of affecting in any way the outcome of a municipal election. Business conducted on town property or with town-paid facilities shall be only for the overall municipal purpose and in no case for partisan gain. It shall, however, be proper for citizens' organizations to request and obtain the use of the Town Hall for a "meet-the-candidates" session or other genuine interpellation of candidates, provided that such session includes an open invitation to all professed candidates to attend, speak and be questioned.

22.   Section 12-22 of the Town Code both facially and as-applied to Plaintiff unduly interferes with constitutionally protected speech.

23.   The Town does not have a sufficient governmental interest that would justify the restrictions on First Amendment activity set forth in Section 12-22.

24. Even if the Town does have a sufficient governmental interest that would justify some form of First Amendment restrictions, Section 12-22 fails to employ the narrowest means consistent with furthering said governmental interest.

25. Further Section 12-22 is impermissibly vague as to precisely what First Amendment activity it prohibits and as a result allows for the exercise of unbridled discretion in its enforcement.

26. Facially and as-applied to Plaintiff, Section 12-22 of the Town Code, is unconstitutionally overbroad because it punishes First Amendment activity of elected officials, such as Plaintiff, and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

27. Section 12-22 of the Town Code was unconstitutionally applied to Plaintiff to punish him for engaging in First Amendment activity, as a result, Plaintiff has been damaged.

WHEREFORE Plaintiff JEFFREY NEAL demands judgment against Defendant, TOWN OF REDINGTON SHORES, FLORIDA, for declaratory relief and damages, an award of attorneys' fees and costs pursuant to 43 U.S.C. 1988, and all other relief that is just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

s/ Joseph P. Kenny
Joseph P. Kenny, Esquire
FBN: 59996
WEBER, CRABB & WEIN, P.A.
5453 Central Avenue
St. Petersburg, FL  33710
Telephone: (727) 828-9919
 Emails: joseph.kenny@webercrabb.com
suzie.whitaker@webercrabb.com
ATTORNEY FOR PLAINTIFF